Case No. 16,359.

UNITED STATES v. SOUTH BRANCH DISTILLING CO. et al.

[8 Biss. 162.] [1]

Circuit Court. N. D. Illinois. Feb., 1878.

INTERNAL REVENUE—DISTILLER'S WAREHOUSE BOND.

1. The fact that distilled spirits are seized, condemned and sold for violation of the internal revenue law [14 Stat. 98], while bonded, does not release the obligors on the warehouse bond.

2. The fact that the purchaser at the sale paid the tax is immaterial.

Debt on bond, dated November, 1875, in penal sum of $7,000, given by South Branch

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Distilling Company, as principal, and H. J. Pahlman and Joseph Haas as sureties, conditioned that, if the said principal should well and truly pay, or cause to be paid, to the collector of internal revenue for the First district of Illinois the amount of taxes due and owing on a certain eighty-seven barrels of distilled spirits, particularly described in said bond, which were entered for deposit in the distillery warehouse, No. 1, of the said South Branch Distilling Company, in said district, during the month of October, 1875, before such spirits shall be removed from such warehouse, and within one year from the date of said bond, then said obligation should be void, otherwise to remain in full force.

Defendants, the South Branch Distilling Company and Joseph Haas, interpose as defense a special plea that, after said bond was given, to wit, on the 29th day of December, 1875, the United States, by its duly authorized collector of internal revenue for said district, seized the spirits in said bond mentioned, as forfeited to the United States for alleged violation of internal revenue law, heretofore committed by the said distilling company. That an information was duly filed on behalf of the United States in the United States district court of this district, praying for a condemnation of said spirits; and that on the 5th of April, 1876, such proceedings were had on said information, that by the judgment and order of said court said distilled spirits were declared condemned and forfeited to the United States, and ordered to be sold; and that afterwards, and before this suit, in pursuance of said judgment, said spirits were duly sold by the marshal of said district, in the manner prescribed by law, to one Isaac Waixel, who duly paid to the collector of internal revenue for said district the taxes due and owing on said spirits.

To this plea the plaintiff demurred generally.

Mark Bangs, U. S. Dist. Atty.
Stanford & Kohlsatt, for defendants.

BLODGETT, District Judge. It is claimed on the part of defendants that as this bond is conditioned for the payment of the tax on the spirits in question within one year, or when removed from the warehouse, and as the plea shows that the tax was paid by the purchaser at the condemnation sale under a seizure made by the government, therefore, the condition has been substantially performed; that is, the government has received the tax due on the spirits, while it is insisted on the part of the government that this plea is no answer to the bond.

Section 3271, Rev. St., requires "every distiller to provide, at his own expense, a warehouse, to be situated on and constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon shall have been paid."

Section 3293, Rev. St., requires the distiller, on the first of each month, or within five days thereafter, to give bond conditioned for the payment of all taxes on all spirits deposited in said distillery warehouse during the preceding month; said bond to be signed by one or more sureties, and conditioned for the payment of the tax on such spirits before removal from such warehouse, and within one year from the date of such bond.

By section 3334, Rev. St., it is provided that: "All distilled spirits forfeited to the United States, sold by order of court, or under process of distraint, shall be sold subject to tax; and the purchaser shall immediately, and before he takes possession of said spirits, pay the tax thereon. And any distilled spirits heretofore condemned, and now in the possession of the United States, shall be sold as herein provided. If any tax-paid stamps are affixed to any cask or package so condemned, such stamps shall be obliterated and destroyed by the collector and marshal after forfeiture, and before such sale."

Now, does the fact that spirits are seized, condemned and sold for violation of the internal revenue law while so bonded release the obligors on the warehouse bond from their undertaking?

The contract is, in effect, that the distiller will pay the tax on the removal of the spirits from the warehouse, and within one year; and can the distiller and his sureties be heard to allege his own violations of the law as a reason for failing to keep their bond?

It seems to me the undertaking is absolute that the distiller will within one year from the date of the bond pay the tax; that the bond is taken for the express purpose of securing the payment of the "tax due and owing" on the spirits as a guaranty and security to the government against any fraudulent or unlawful acts of the distiller. The bond is, so to speak, for the distiller's good behavior—at least in respect to the spirits so bonded. And it is no answer to the bond to say that by reason of the misconduct of the principal, the spirits have been forfeited and sold subject to tax, and that another person has paid the tax. The condition of the bond is, that the distiller, his heirs, executors or administrators shall pay the tax, and if he or they fail to pay, the condition is broken.

Section 3334 requires all forfeited and condemned spirits to be sold subject to tax; and when the taxes have actually been paid, the collector is required to destroy the stamps on the packages. The manifest intention of congress was, that all forfeited spirits should be sold subject to tax, and that the purchaser should pay the tax before he was allowed to remove them. And if such is the rule in regard to tax-paid spirits, it would seem to me to apply with equal force to bonded spirits.

As soon as distilled spirits are produced, the tax is payable, and the distiller may properly be said to owe the government the tax imposed by the law. The warehouse bond only gives him time on his liability, but does not in any degree release him from it.

No authorities bearing directly upon the question raised by these pleadings have been cited, and I am compelled to give my own construction to the contract and the law governing it. I may be wrong, but if I am the amount involved is sufficient to test the question in the supreme court.

Demurrer sustained.